### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION
### SITTING AT CHICAGO, ILLINOIS

| | |
|---|---|
| ALICE E. HAACK          ) | |
| ) | **08CV2488** |
| Plaintiff,          ) | **JUDGE DOW** |
| ) | **MAG. JUDGE NOLAN** |
| V.          ) | |
| ) | **FILED** |
| DEANN BONGIORNO,          ) | |
| ) | MAY 0 1 2008 TC |
| Defendant          ) | May 01 2008 |
| | MICHAEL W. DOBBINS |
| | CLERK, U.S. DISTRICT COURT |

**COMPLAINT FOR PERSONAL INJURY**

Now comes the plaintiff, ALICE E.HAACK, for a cause of action against the defendant, DEANN BONGIORNO, alleges and says:

1.    That the Plaintiff is a resident of Schererville, Lake County, Indiana; and the Defendant is a resident of Chicago, Illinois, that diversity of citizenship exists and the amount in controversy excluding costs and interests exceeds $75,000.00 and this Court's jurisdiction exists.

2.    On 4th day of May 2006 while Plaintiff was driving her vehicle northbound on Burnham Avenue, Lansing Illinois, as she approached the intersection with 171st, an east-west street, the Defendant suddenly and negligently turned left to go east on 171st in front of Plaintiff cutting off Plaintiff and causing her to strike Defendant's vehicle.

3.    That prior to this incident and at all relevant times the Defendant owed a duty to the Plaintiff and to others to exercise ordinary care in operating his vehicle and to operate her vehicle in a safe and proper manner and be free from negligence so as to not injure or damage the Plaintiff.

4.    The Defendant breached her above duty by one or more of the following acts:

1

    a.   The defendant failed to maintain a lookout for the plaintiff's vehicle;

    b.   The defendant made an improper left turn;

    c.   The defendant failed to yield the right of way in the intersection to the plaintiff;

    d.   The defendant failed to signal her intention to turn left in front of plaintiff;

    e.   The defendant failed to reduce her speed as she approached the intersection;

    f.   The defendant failed to avoid a collision with the plaintiff;

    g.   Was otherwise negligent.

5.      The sole proximate cause of the collision between the Plaintiff's vehicle and the Defendant's vehicle was the negligence of the Defendant.

6.      As a natural consequence of the collision due to the aforementioned negligence of the defendant, the plaintiff sustained personal injuries to her body, was in shock immediately afterwards, received a "collar" around her neck prior to being removed to an emergency vehicle and transported to a hospital.

7.      The plaintiff sustained injury and experienced pain suffering to her neck, back, shoulders, chest breasts, lower back; she received cuts, bruises, and contusions knees, legs left upper arm, jaw and face. She received injuries to her face, her head and her jaw and teeth requiring surgery to repair the jaw and teeth.

8.      Plaintiff suffered serious and permanent bodily injuries that caused Plaintiff to suffer pain, discomfort, and mental anguish and are reasonably certain to cause Plaintiff to suffer pain, discomfort, and mental anguish in the future; Plaintiff was disfigured and disabled and is reasonably certain to be disfigured and disabled in the future; Plaintiff has lost a normal life and is reasonably certain to experience the loss of a normal life in the future; Plaintiff has lost

2

earnings and benefits and is reasonably certain to lose earnings and benefits in the future;
Plaintiff's earning capacity has been diminished; Plaintiff has incurred medical, nursing, and
hospital expenses and is reasonably certain to incur medical, nursing, and hospital expenses in
the future; and Plaintiff has been restricted in his usual activities and affairs and is reasonably
certain to be restricted in her usual activities and affairs in the future;

9.    The plaintiff incurred doctor, dental, hospital, and medical bills in excess of
$45,000 dollars.

10.    The plaintiff was driving a 2002 Ford Taurus which sustained damage and its cost
to repair was $2,305.22; that she was without the use of her car for three weeks and the
reasonable rental value for a car of like kind exceeds $30.00 per day.

11.    That the plaintiff sustained permanent injury as a natural consequence of the
injuries she sustained in the collision as a result of the negligence of the defendant.

3

Wherefore, Plaintiff demands judgment against the defendant for money damages in the amount exceeding $75,000.00, the costs of this action and all other relief proper in the premises.

Trial Counsel:

DENNIS J. STANTON
1025 Rescobie Court
Schererville, Indiana 46375
219-865-6315;hx 219-322-4647
Atty # 675-45(Indiana) judgedj@att.net
Attorney for the Plaintiff
Admitted to U.S. District Court Indiana

Local Counsel:

Keil M. Larson
800 N Clark Street  Suite 222
Chicago, Illinois  60610
312-664-9300 fax:  312-664-5363
Attorney Id:    Illinois  6190051
keil@keillarson.com

Plaintiff demands trial by jury of all issues triable by jury.

4