IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALICE E. HAACK,

           plaintiff,

   v.

DEANN BONGIORNO,

           defendants.

No.  08 CV 2488

Judge Dow
Magistrate Judge Nolan

### ANSWER TO COMPLAINT FOR PERSONAL INJURY

NOW COMES defendant, DEANN BONGIORNO, by and through her attorney PAUL O. WATKISS, and in answer to the plaintiff's ALICE E. HAACK 's complaint, states as follows:

1. That the Plaintiff is a resident of Schererville, Lake County, Indiana; and the Defendant is a resident of Chicago, Illinois, that diversity of citizenship exists and the amount in controversy excluding costs and interests exceeds $75,000 and this Court's jurisdiction exists.

**ANSWER:**

Defendant denies any knowledge as to whether the amount in controversy excluding costs and interests exceeds $75,000.  Defendant admits the remaining allegations contained in paragraph 1.

2. On 4th day of May 2006 while Plaintiff was driving her vehicle northbound on Burnham Avenue, Lansing Illinois, as she approached the intersection with 171st, an east-west street, the Defendant suddenly and negligently turned left to go east on 171st in front of Plaintiff cutting off Plaintiff and causing her to strike Defendant's vehicle.

**ANSWER:**

Defendant denies any knowledge as to the identity of the driver of plaintiff's vehicle. Defendant admits the remaining allegations contained in paragraph 2.

3. That prior to this incident and at all relevant times the Defendant owed a duty to the Plaintiff and to others to exercise ordinary care in operating his vehicle and to operate her vehicle in a safe and proper manner and be free from negligence so as to not injure or damage the Plaintiff.

**ANSWER:**

Defendant admits that she is subject to those duties imposed upon her by law and denies that she failed to faithfully discharge those duties.

4. The Defendant breached her above duty by one or more of the following acts:

(a) The defendant failed to maintain a lookout for the plaintiff's vehicle
(b) The defendant made an improper left turn;
(c) The defendant failed to yield the right of way in the intersection to the plaintiff;
(d) The defendant failed to signal her intention to turn left in front of plaintiff;
(e) The defendant failed to reduce her speed as she approached the intersection'
(f) The defendant failed to avoid a collision with the plaintiff;
(g) Was otherwise negligent

**ANSWER:**

Defendant denies the allegations contained in paragraph 4.

5. The sole proximate cause of the collision between the Plaintiff's vehicle and the Defendant's vehicle was the negligence of the Defendant.

**ANSWER:**

Defendant denies the allegations contained in paragraph 5.

6. As a natural consequence of the collision due to the aforementioned negligence of the defendant, the plaintiff sustained personal injuries to her body, was in shock immediately

afterwards, received a "collar" around her neck prior to being removed to an emergency vehicle and transported to a hospital.

**ANSWER:**

Defendant denies the allegations contained in paragraph 6.

7.     The plaintiff sustained injury and experienced pain suffering to her neck, back, shoulders, chest breasts, lower back; she received cuts, bruises, and contusions knees, legs left upper arm, jaw and face.  She received injuries to her face, her head and her jaw and teeth requiring surgery to repair the jaw and teeth.

**ANSWER:**

Defendant denies the allegations contained in paragraph 7.

8.     Plaintiff suffered serious and permanent bodily injuries that caused Plaintiff to suffer pain, discomfort, and mental anguish and are reasonably certain to cause Plaintiff to suffer pain, discomfort, and mental anguish in the future; Plaintiff was disfigured and disabled and is reasonably certain to be disfigured and disabled in the future; Plaintiff has lost a normal life and is reasonably certain to experience the loss of a normal life in the future; Plaintiff has lost earnings and benefits and is reasonably certain to lose earnings and benefits in the futur4e; Plaintiff' earning capacity has been diminished ; Plaintiff has incurred medical, nursing and hospital expenses and is reasonably certain to incur medical, nursing and hospital expenses in the future; and Plaintiff has been restricted in his usual activities and affairs  and is reasonably certain to be restricted in her usual activities and affairs in the future.

**ANSWER:**

Defendant denies the allegations contained in paragraph 8.

9. The plaintiff incurred doctor, dental, hospital, and medical bills in excess of $45,000

**ANSWER:**

Defendant denies any knowledge as to the allegations contained in paragraph 9.

10. The plaintiff was driving a 2002 Ford Taurus which sustained damage and its cost to repair was $2,305.22; that she was without the use of her car for three weeks and the reasonable rental value for a car of like kind exceeds $30.00 per day.

**ANSWER:**

Defendant denies any knowledge as to the allegations contained in paragraph 10.

11. That the plaintiff sustained permanent injury as a natural consequence of the injuries she sustained in the collision as a result of the negligence of the defendant.

**ANSWER:**

Defendant denies the allegations contained in paragraph 11.

WHEREFORE, defendant DEANN BONGIORNO prays for judgment in her favor and against the plaintiff ALICE E. HAACK, plus costs of suit.

                                                  BRUCE FARREL DORN & ASSOCIATES

                                                  By:   s/ Paul O. Watkiss
                                                        Attorney for defendant

BRUCE FARREL DORN & ASSOCIATES
Attorney for defendant
120 N. LaSalle St., Suite 1900
Chicago, Illinois  60602
(312) 683-3000